IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:24-cv-01740-NYW

MEGAN THERESA CHASE,

    Plaintiff,

v.

ADP SCREENING AND SELECTION SERVICES, INC.,

    Defendant(s).

---

## ~~PROPOSED~~ SCHEDULING ORDER

### 1. DATE OF CONFERENCE AND APPEARANCES OF COUNSEL AND PRO SE PARTIES

The parties' scheduling conference was conducted telephonically at 11:30 am on August 12, 2024 in front of Magistrate Judge Neureiter, the Alfred A. Arraj U.S. Courthouse at 901 19th Street, Courtroom A-401, Denver, Colorado 80294. Participating in the conference were the following attorneys:

*Plaintiff: Devin Fok; 2304 Huntington Drive, Suite 210, San Marino, CA 91108; 888-651-6411*

*Defendant ADP Screening and Selection Services, Inc.: Richard Millisor, Fisher & Phillips LLP, 200 Public Square, Suite 4000, Cleveland, OH 44114; (440) 838-8800*

1

## 2. STATEMENT OF JURISDICTION

The Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1331 because the claims asserted in this civil action arise under the laws of the United States, specifically 15 U.S.C. § 1681, *et seq*.

## 3. STATEMENT OF CLAIMS AND DEFENSES

a. *Plaintiff:* Defendant allegedly violated 15 U.S. Code §1681 et seq. by reporting outdated criminal history regarding Plaintiff on Plaintiff's background check report to Plaintiff's prospective employer. In connection with her employment application, Eric Matthews requested a background check report regarding Plaintiff from Defendant. On the report, Defendant disclosed an outdated charge, specifically, that Plaintiff was guilty of a misdemeanor for a "Retail Theft (Shoplifting)" conviction. Defendant failed to report that this change was later amended to an infraction and was dismissed in May 2017 pursuant to a plea in abeyance, Utah Code 77-2a-3. As a result of Defendant's erroneous and outdated criminal record disclosure Plaintiff was denied employment. Plaintiff suffered actual damages as well as emotion distress and reputational harm. Accordingly, Plaintiff alleges that Defendant violated 15 USC §1681e(b).

b. *Defendant*: Defendant denies that it violated the FCRA, and consistent with its Answer, denies several aspects of Plaintiff's position, factual allegations, and

inferences as summarized above. The FCRA is not a strict liability statute, and the existence of an alleged inaccuracy, in and of itself, is not sufficient to establish liability under the FCRA. Further, any alleged inaccuracy here was not caused by Defendant's failure to maintain and follow reasonable procedures. In particular, Defendant maintained and followed reasonable procedures with respect to the background screening results report it furnished on Plaintiff, including, but not limited to, conducting live searches directly with the applicable courts and/or using sources made available by the courts for conducting searches. Defendant does not use criminal databases or aggregators in conducting criminal history searches. Here, it used Xchange, the system established by the Utah State Courts, to conduct the research within Weber County, Utah, and the records obtained through Xchange indicated that Plaintiff's criminal offense was a misdemeanor. Even assuming Plaintiff could establish that Defendant's procedures were somehow unreasonable (which they are not), Plaintiff cannot establish that any violation constitutes a willful or negligent violation of the FCRA, and she cannot establish causation and damages necessary to establish and/or recover for any alleged violation of the FCRA. ADP Screening has set forth several affirmative defenses in its Answer, all of which are incorporated herein by reference.

c. *Other Parties*: N/A

## 4. UNDISPUTED FACTS

The following facts are undisputed:

- On April 11, 2022, Eric Matthews requested a background screening results report regarding Plaintiff from Defendant.
- The original background screening results report completed on or around April 18, 2022, and provided to Premium, contained an offense for "Retail Theft – Shoplifting, Class B Misdemeanor".

### 5. COMPUTATION OF DAMAGES

Plaintiff alleges that her employment was delayed as a result of Defendant's alleged FCRA violations. Plaintiff is seeking actual damages in an amount to be determined plus damages for emotional distress and damage to her reputation in an amount to be determined. Plaintiff additionally seeks statutory penalties, punitive damages, as well as attorney's fees and costs.

At this time, Defendant is not claiming any damages in this lawsuit; however, it reserves its right to recover its fees and costs. Defendant denies that it has violated the FCRA, let alone that it has negligently or willfully violated the FCRA. Further, Defendant denies that Plaintiff is entitled to any relief, judgment, damages, or remedy.

### 6. REPORT OF PRECONFERENCE DISCOVERY AND MEETING UNDER FED. R. CIV. P. 26(f)

a. **Date of Rule 26(f) meeting.** July 22, 2024

b. **Names of each participant and party he/she represented.**

Plaintiff Megan Theresa Chase was represented by Ainat Kiewe.

        Defendant ADP Screening and Selection Services, Inc. was represented by Richard Millisor and James Patrick.

c. **Statement as to when Rule 26(a)(1) disclosures were made or will be made.**

        Rule 26(a)(1) disclosures will be served on or before August 5, 2024.

d. **Proposed changes, if any, in timing or requirement of disclosures under Fed. R. Civ. P. 26(a)(1).** None.

e. **Statement concerning any agreements to conduct informal discovery.**

        There are no agreements regarding informal discovery.

f. **Statement concerning any other agreements or procedures to reduce discovery and other litigation costs, including the use of a unified exhibit numbering system.**

        The parties agree to produce spreadsheets and audio recordings in native format and to produce all other information in PDF format in the first instance. Should the need arise for other information to be produced in native format, the parties will meet and confer on the manner of production.

        The parties are willing to conduct depositions virtually; however, any agreements as to virtual versus in-person depositions will be determined on an individual basis when scheduling each deposition.

        The parties will also seek entry of a stipulated protective order to allow the exchange of sensitive information, including trade secret and other proprietary information belonging to Defendant.

        The parties agree to accept service of all papers and documents in

this lawsuit, including written discovery, if not served electronically through the court's Case Management/Electronic Case Filing System (CM/ECF), as attachments to electronic mail or, if too voluminous for transmission by electronic mail, via FTP or other reasonable electronic means.

g. **Statement as to whether the parties anticipate that their claims or defenses will involve extensive electronically stored information, or that a substantial amount of disclosure or discovery will involve information or records maintained in electronic form.**

The parties do *not* anticipate that their claims or defenses will involve extensive electronically stored information, or that a substantial amount of disclosure or discovery will involve information or records maintained in electronic form.

Pursuant to Fed. R. Evid. 502(d), the production of a document protected by a privilege or the work-product doctrine, when inadvertent, shall not constitute a waiver of such privilege or protection in this case or any other Federal or State proceeding. If any document or ESI produced in discovery is subject to a claim of privilege or work-product protection, the party making the claim shall notify any party receiving the document or ESI of the claim and the basis for it. After being so notified, the receiving party must promptly return, sequester, or destroy the specified document or information and any copies of it; shall not use or disclose the document or ESI until the claim is resolved; and shall take reasonable steps to retrieve any copies of the document or ESI from any other person to

whom the receiving party disclosed the document or ESI, provided, however, that the receiving party may submit the document or ESI to the Court under seal for a determination of the claim. The producing party must preserve the document or ESI at issue until the claim is resolved.

Nothing herein shall be construed as a waiver of any objection a party may have to the production of documents or ESI in response to a properly-served request for production or to the use of any document or ESI at trial.

h. **Statement summarizing the parties' discussions regarding the possibilities for promptly settling or resolving the case.**

The parties anticipate this matter has the potential for resolution; however, the parties have not engaged in any substantive settlement discussions at this time.

## 7.

## CONSENT

All parties ☐ [have] x [have not] consented to the exercise of jurisdiction of a magistrate judge.

## 8. DISCOVERY LIMITATIONS

a. **Modifications which any party proposes to the presumptive numbers of depositions or interrogatories contained in the Federal Rules.**

~~None.~~ Each side shall be limited to 3 depositions, excluding experts. Each side shall be limited to 15 interrogatories.

7

b. **Limitations which any party proposes on the length of depositions.**

The parties agree that depositions, including Rule 30(b)(6) depositions with multiple designees, should be limited to one day of seven hours, for one deponent, ~~each~~, excluding breaks, without prior agreement or absent leave of court. All other fact depositions are limited to 4 hours. For retained experts, depositions shall not exceed 7 hours.

c. **Limitations which any party proposes on the number of requests for production and/or requests for admission.**

None.

d. **Deadline for service of Interrogatories, Requests for Production of Documents and/or Admissions:**

Written discovery shall be served no later than forty-five (45) days before the discovery cut-off date.

e. **Other Planning or Discovery Orders**

The parties propose a deadline of ~~September 3, 2024~~ August 19, 2024 for submitting a Stipulated Protective Order for consideration and entry by the Court.

### 9. CASE PLAN AND SCHEDULE

a. **Deadline for Joinder of Parties and Amendment of Pleadings:**

August 26, 2024

b. **Discovery Cut-off:**

April 30, 2025

c. **Dispositive Motion Deadline:**

June 30, 2025

   d.  **Expert Witness Disclosure**

      1.  The parties shall identify anticipated fields of expert testimony, if any.

*Plaintiff*: At this time, Plaintiff may retain experts in the area of FCRA.

*Defendant:* At this time, Defendant may retain experts in the areas of (1) the standards applicable to consumer reporting agencies and industry practice relating to the reasonableness of Defendant's procedures, and (2) the mitigation of damages.

      2.  Limitations which the parties propose on the use or number of expert witnesses.

~~None~~ <u>Each side shall be limited to 3 expert witnesses, absent leave of court</u>.

      3.  The parties shall designate all experts and provide opposing counsel and any pro se parties with all information specified in Fed. R. Civ. P. 26(a)(2) on or before <u>February 3, 2025</u>. This includes disclosure of information applicable to "Witnesses Who Must Provide a Written Report" under Rule 26(a)(2)(B) and information applicable to "Witnesses Who Do Not Provide a Written Report" under Rule 26(a)(2)(C).

      4.  The parties shall designate all rebuttal experts and provide opposing counsel and any pro se party with all information specified in Fed. R. Civ. P. 26(a)(2) on or before March 3, <u>2025</u>. This includes disclosure of information applicable to "Witnesses Who Must Provide a Written Report" under Rule 26(a)(2)(B) and information applicable to "Witnesses Who Do

>   Not Provide a Written Report" under Rule 26(a)(2)(C).
>
>   Notwithstanding the provisions of Fed. R. Civ. P. 26(a)(2)(B), noexception to the requirements of the Rule will be allowed by stipulation unless the stipulation is in writing and approved by the court. In addition to the requirements set forth in Rule 26(a)(2)(B)(I)-(vi), the expert's written report also must identify the principles and methods on which the expert relied in support of his/her opinions and describe how the expert applied those principles and methods reliably to the facts of the case relevant to the opinions set forth in the written report.

e.  **Identification of Persons to Be Deposed:**

*Plaintiff*: Plaintiff proposes deposing Defendant's Rule 30(b)(6) deponent.

*Defendant:* Defendant anticipates deposing Plaintiff (estimated 6-7 hours) as well as one or more representatives of Plaintiff's prospective employer, including pursuant to Federal Rule of Civil Procedure 30(b)(6) (estimated at 2-3 hours for each such deposition). Defendant reserves the right to depose others, including, but not limited to, others identified during discovery in this matter.

## 10.  DATES FOR FURTHER CONFERENCES

*[The magistrate judge will complete this section at the scheduling conference if he or she has not already set deadlines by an order filed before the conference.]*

a.  Status conferences will be held in this case at the following dates and times:

_____.

b.  A final pretrial conference will be held in this case on _____ at

o'clock ___m. A Final Pretrial Order shall be prepared by the parties and submitted to the court no later than seven (7) days before the final pretrial conference.

c. JOINT STATUS REPORT shall be filed no later than January 17, 2025, updating the Court on the status of discovery and if there is anything the parties need to address with the Court. If there are any outstanding issues, the Court may set a Status Conference.

## 11.  OTHER SCHEDULING MATTERS

a. Identify those discovery or scheduling issues, if any, on which counsel after a good faith effort, were unable to reach an agreement.

None at this time.

b. Anticipated length of trial and whether trial is to the court or jury.

The Parties anticipate a 3-to-4-day jury trial on the issues so triable.

c. Identify pretrial proceedings, if any, that the parties believe may be more efficiently or economically conducted in the District Court's facilities at 212 N. Wahsatch Street, Colorado Springs, Colorado 80903-3476; Wayne Aspinall U.S. Courthouse/Federal Building, 402 Rood Avenue, Grand Junction, Colorado 81501-2520; or the U.S. Courthouse/Federal Building, La Plata County Courthouse 1060 E. 2nd Avenue, Suite 150, Durango, Colorado 81301.

None.

## 12.  NOTICE TO COUNSEL AND PRO SE PARTIES

The parties filing motions for extension of time or continuances must comply with

D.C.COLO.LCivR 6.1(c) by serving the motion contemporaneously upon the moving attorney's client.

Counsel will be expected to be familiar and to comply with the Pretrial and Trial Procedures or Practice Standards established by the judicial officer presiding over the trial of this case.

With respect to discovery disputes, parties must comply with D.C.COLO.LCivR 7.1(a).

Counsel and unrepresented parties are reminded that any change of contact information must be reported and filed with the Court pursuant to the applicable local rule.

### 13. AMENDMENTS TO SCHEDULING ORDER

The scheduling order may be altered or amended only upon a showing of good cause.

DATED at Denver, Colorado, this 12th day of August, 2024.

BY THE COURT:

*N. Reid Neureiter*

N. Reid Neureiter
United States Magistrate Judge

APPROVED:

DHF Law, P.C.

 *By: /s/ Devin H. Fok*
Devin H. Fok
2304 Huntington Drive, Suite 210
San Marino, CA 91108
888-651-6411

*Attorney for Plaintiff
Megan Theresa Chase*

FISHER & PHILLIPS LLP

By: /s/ Danielle S. Urban
Danielle S. Urban
1125 17th Street, Suite 2400
Denver, CO 80202
Telephone: (303) 218-3650
Facsimile: (303) 218-3651
durban@fisherphillips.com

Richard A. Millisor
James M. Patrick
200 Public Square, Suite 4000
Cleveland, OH 44114
Telephone: (440) 838-8800
Facsimile: (44) 838-8805
rmillisor@fisherphillips.com
jpatrick@fisherphillips.com

*Attorneys for Defendant,
ADP Screening and Selection
Services, Inc.*